Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ROBERTO CARLOS PIÑEIRO COLÓN<br><br>Demandante-Peticionario<br><br>vs.<br><br>MUNICIPIO DE BAYAMÓN Y OTROS<br><br>Demandados-Recurridos | TA2026CE00752 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2026CV02478<br><br>Sala: 701<br><br>Sobre:<br><br>PETICIÓN DE ORDEN Y OTROS |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Jueza Álvarez Esnard y el Juez Cruz Hiraldo.[1]

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparece la parte peticionaria por derecho propio e *in forma pauperis*,[2] el señor Roberto Piñeiro Colón, solicita la expedición del presente recurso con el propósito de revocar la *Resolución* emitida y notificada el 4 de junio de 2026 mediante la cual el Tribunal de Primera Instancia, Sala Superior de Bayamón reiteró la *Orden* notificada el 19 de mayo de 2026. Por vía de las referidas determinaciones interlocutorias, el foro de primera instancia declinó suspender o paralizar el plazo provisto por las Reglas de Procedimiento Civil para diligenciar los emplazamientos expedidos en el caso de título.

---

[1] De conformidad con los parámetros dispuestos en la Orden Administrativa JP-2018-035, y debido a que el Hon. Ángel R. Pagán Ocasio se encuentra fuera del Tribunal por causas justificadas, y en atención a la urgencia de disponer de ese caso se modifica la integración del panel.

[2] Declaramos con lugar la solicitud de la parte peticionaria de litigar *in forma pauperis*.

Conforme permite la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), eximimos a la parte recurrida de presentar su alegato en oposición.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del auto solicitado.

### -I-

En el contexto de una revisión de una declaración de estorbo público efectuada por el Municipio Autónomo de Bayamón, el 19 de mayo de 2026, el foro recurrido ordenó a la parte peticionara presentar los emplazamientos del caso, y advirtió "que el término concedido para subsanar los emplazamientos, no conlleva una extensión al término para su diligenciamiento dispuesto en la Regla 4.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 4.3". El 26 de mayo de 2026 la parte peticionaria compareció ante el foro de primera instancia para solicitar prórroga para "continuar diligencias investigativas dirigidas a identificar posibles sucesiones, herederos conocidos, herederos desconocidos y/o cualquier otra parte cuya comparecencia pudiera resultar necesaria previo al diligenciamiento final de los emplazamientos". Según la parte peticionaria, los titulares del inmueble objeto de la declaración de estorbo público "podrían haber fallecido con anterioridad al inicio y/o tramitación del procedimiento administrativo aquí impugnado". Ese mismo día el tribunal ordenó la expedición de los emplazamientos y en igual fecha, fueron expedidos por la Secretaria del tribunal a nombre del municipio demandado y a nombre de los titulares de la propiedad. La parte peticionaria solicitó reconsideración, nuevamente suplicó la "suspensión" del término aplicable al diligenciamiento de los emplazamientos o que el tribunal admitiera como suficiente la notificación del recurso mediante correo electrónico. El 4 de junio

de 2026 el foro primario denegó la reconsideración y reiteró su determinación anterior sobre la improcedencia de la suspensión solicitada por la parte peticionaria. Inconforme, la parte peticionaria comparece ante este tribunal y señala los siguientes errores:

> Erró el Tribunal de Primera Instancia al exigir el diligenciamiento de emplazamientos al amparo de la Regla 4.3 de las Reglas de Procedimiento Civil en un recurso de revisión judicial presentado al amparo de Artículo 1.050 del Código Municipal de Puerto Rico, a pesar de que la controversia ya había sido adjudicada en el foro administrativo y de que la autoridad persuasiva del Tribunal de Apelaciones ha reconocido que este tipo de revisión judicial se satisface mediante la notificación del recurso a las partes interesadas.

> Erró el Tribunal de Primera Instancia al denegar toda medida dirigida a investigar, corroborar y atender los indicios sustanciales de que los titulares registrales contra quienes se dirigió el procedimiento administrativo podrían haber fallecido antes del inicio del mismo, negándose a suspender o ajustar el manejo de los términos relacionados con los emplazamientos y colocando al peticionario en riesgo de perder su derecho a la revisión judicial sin una oportunidad razonable para identificar las partes que legalmente debían comparecer al procedimiento.

> Erró el Tribunal de Primera Instancia al aplicar mecánicamente el término de la Regla 4.3 de las Reglas de Procedimiento Civil sin considerar las circunstancias extraordinarias del caso, ni el impacto de su determinación sobre del debido proceso de ley, el acceso efectivo a los tribunales y la necesidad de evitar un fracaso a la justicia.

Procedemos a disponer del presente recurso, con el beneficio de la comparecencia de la parte peticionaria, el contenido del expediente electrónico y el *Derecho* aplicable.

### -II-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales

apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. *Íd.* Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. *Íd.* Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 215 DPR \_\_\_ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

-***III***-

Los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se

pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018). El expediente electrónico no sugiere la ocurrencia de algún error o abuso de discreción judicial que justifique eludir la norma ordinaria de abstención judicial reguladora de nuestras funciones apelativas en dictámenes como el de autos.

Igualmente, no advertimos criterio jurídico particular para dejar sin efecto la determinación recurrida. Regla 40 del Reglamento de este Tribunal, *supra.*

### -*IV*-

Por los fundamentos que anteceden, los cuales hacemos formar parte de este dictamen, *denegamos* la expedición del auto de *certiorari*. Por el resultado alcanzado, declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción y Solicitud de Paralización de Términos.*

El Tribunal de Primera Instancia puede continuar el procedimiento sin necesidad de espera por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones